**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOBBY NAVA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA STATE SUPERIOR COURT, et al.,<br><br>　　　　　Defendants. | Case No. 2:20-cv-09045-AB (MAR)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. section 636, the Court has reviewed the Second Amended Complaint, the records on file, and the Report and Recommendation of United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　　The Report recommends denying Plaintiff's motion for sanctions, as well as granting in part and denying in part Defendants' motion for summary judgment without prejudice. (Dkt. No. 250.) Plaintiff's Motion for Reconsideration (Dkt. No. 254), which is construed as objections to the Report, does not merit any change to the Report's findings and recommendations.

　　　　Plaintiff requests that these proceedings be stayed for his pending surgery and recovery, for a period of 45 to 60 days. (Dkt. No. 254 at 1, 2.) To the extent

that Plaintiff seeks a delay in the adoption of the Report, his request is denied. The issues analyzed in the Report are ready for decision without need for postponement. If Plaintiff needs an extension of time at a later stage of this case, he may request one with a showing of good cause.

Plaintiff requests that the Court reconsider the Report's recommendation of a partial grant of summary judgment in favor of Defendant Jim McDonnell, the Los Angeles County Sheriff for the relevant times. (Dkt. No. 254 at 1, 2, 8-9, 18.) The Court agrees with the Report that "Plaintiff has not provided any evidence indicating that McDonnell's individual actions played any role whatsoever in the incidents at issue in Plaintiff's excessive force claim. Plaintiff makes numerous allegations about McDonnell's shortcoming as a supervisor, but they are entirely unsupported. Plaintiff has provided no evidence showing McDonnell even knew what happened to Plaintiff, let alone any evidence indicating that he was personally involved in the incidents that transpired on December 17 and 18, 2017." (Dkt. No. 250 at 27.) Because there are no material issues of fact as to McDonnell's liability, Defendants' motion for summary judgment is granted with respect to McDonnell.

Plaintiff requests that the Court reopen discovery and permit him to amend the Second Amended Complaint to add additional Defendants and factual allegations. (Dkt. No. 254 at 1, 20-21, 30.) But as the Magistrate Judge reasonably explained more than one year ago in April 2024, "Plaintiff's desire to submit an amended complaint and file further discovery motions does not constitute good cause because he has not been diligent and because he admittedly seeks to enlarge the scope of this litigation beyond the incidents of excessive force alleged in the original Complaint." (Dkt. No. 152 at 1.) Plaintiff has been granted ample time to file an amended complaint, has already filed two amended complaints, and has not shown good cause to reopen discovery or add new claims and Defendants at this late stage of the litigation. (*Id*. at 2-3.) Thus, Plaintiff's requests to reopen discovery and amend his Complaint are denied.

Plaintiff requests the imposition of sanctions on Defendants and their counsel for repeated discovery violations, spoliation of evidence, and misconduct. (Dkt. No. 254 at 1, 2-7, 12-15, 22, 31.) The Court agrees with the Magistrate Judge's explanation for why sanctions are not warranted. No sanctions are warranted for Defendants' delay in the production of video evidence. For example, the delay in producing video of Plaintiff's post-incident interview with Sergeant Itani was substantially justified, given that the video was discovered during a "repeat sweep" of hundreds of prison folders. (Dkt. No. 209 at 8; *see also* Dkt. No. 174-1 at 3.) The delay also was harmless because Plaintiff failed to identify any incurable prejudice he suffered from the delay. (Dkt. No. 209 at 10.) Plaintiff's allegations of delays in the production of other video evidence are unfounded, given Plaintiff's apparent admission that he had received the video evidence by May 6, 2024. (*Id.*; *see also* Dkt. No. 181 at 4.) Finally, Plaintiff's allegations of spoliation of evidence and defense misconduct are unsupported. (Dkt. No. 209 at 12-17.) Plaintiff did not show Defendants had an obligation to preserve evidence that was automatically destroyed pursuant to prison retention policies, did not show a culpable state of mind, and did not adequately allege how the evidence would have been favorable to his case. (*Id..* at 17.) Thus, Plaintiff's request for sanctions is denied.

IT IS ORDERED THAT

(1) the Report and Recommendation is accepted;

(2) Defendants' Motion for Summary Judgment is granted in part, with respect to Defendant Jim McDonnell; and

(3) the remainder of Defendants' Motion for Summary Judgment is denied without prejudice.

DATED: October 29, 2025

HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE